Irene E. Storm, an Infant, by Jaques Van Brunt, her Guardian ad Litem, Respondent, v. Catharine D. Bennett and F. Schenck Remsen, as Committee, etc., of Cornelia L. Bennett, a Lunatic, Appellants, Impleaded with Jacob L. Vandenburgh, as Executor, etc., of Sarah Storm and Others, Defendants.

*Equity — allegation that there exists no adequate remedy at law — contingent interest in a trust threatened with destruction — plaintiff not remitted to an action for damages against the trustee, although he is solvent.*

Where the case made by a complaint sufficiently shows the need of a resort to equity, the complaint need not allege that the plaintiff has no adequate remedy at law.

The jurisdiction in equity attaches unless the legal remedy, both in respect to the final relief and to the mode of attaining it, is as efficient as the remedy in equity.

Where the complaint in an action alleges the destruction of a trust, in which the plaintiff has a contingent interest, but does not allege that the trustee is insolvent, equity will take cognizance of the action, and will not remit the plaintiff to an action at law against the trustee for damages.

Appeal by the defendants, Catharine D. Bennett and another, as committee, etc., of Cornelia L. Bennett, a lunatic, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 30th day of August, 1895, upon the decision of the court, rendered after a trial at the Kings County Special Term, overruling their demurrer to the plaintiff's complaint.

This action was brought to have a certain deed executed by Jacob L. Vandenburgh, as sole surviving executor, etc., of Sarah Storm, deceased, canceled, on the ground that said deed was made and delivered without any valuable consideration, and not in *bona fide* exercise of the power of sale given to him under the will of said Sarah Storm.

*Hector M. Hitchings,* for the appellants.

*Josiah T. Marean,* for the respondent.

Pratt, J.:

The appellants object to the complaint that it contains no allegation that the plaintiff has no adequate remedy at law. No such

allegation is necessary. When the case made by the complaint sufficiently shows the need of an equitable remedy, the only benefit from an allegation that such relief was requisite will be to call attention to a fact which already sufficiently appears.

In the present case the complaint avers the destruction of a trust in which the plaintiff has a contingent interest. There being no allegation that the trustee is insolvent, the defendants suggest that an action for damages against the trustee is an adequate remedy. In order to oust the equitable remedy, the legal remedy must be as practical and efficient to the ends of justice and its prompt administration as the remedy in equity. (*Boyce's Exrs.* v. *Grundy*, 3 Pet. 210 ; *Arthur* v. *Oakes*, 63 Fed. Rep. 328.) Or, as expressed by FULLER, Ch. J., in *Kilbourn* v. *Sunderland* (130 U. S. 505, 514), the jurisdiction in equity attaches, unless the legal remedy, both in respect to the final relief and the mode of obtaining it, is as efficient as the remedy in equity.

In other words, the suitor is entitled not only to an adequate remedy, but to the best remedy, which must depend on many considerations as to which the suitor is in general the best judge.

Under any other rule the rights of the suitor will often, while ostensibly protected, practically be sacrificed, and he will get the shell of protection and lose the substance.

To sum up, in any given case the suitor is entitled to avail himself of the best remedy afforded either at law or in equity, and he may protect the fund, and will not be remitted to an action at law against the trustee.

As pointed out in the opinion below, a contingent remainder is an estate which the courts recognize and will protect.

The judgment must be affirmed, with costs.

DYKMAN, J., concurred ; BROWN, P. J., not sitting.

Judgment affirmed, with costs.